IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.        No. CR-05-2365 MV

CHRIS HARRIS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Suppress **[Doc. No. 15]**, filed December 7, 2004. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

## BACKGROUND

In August 2005, Defendant was placed on probation for a drug trafficking felony conviction in New Mexico State court. Less than a month after Defendant's release from prison, Probation Officer Carl Cleland received information from two different confidential informants who reported that Defendant had resumed drug trafficking. Officer Cleland also learned that Defendant had served three years in prison for shooting a firearm from a motor vehicle in 1997.

On September 29, 2005, Officer Cleland discussed the information he had received about Defendant with Albuquerque Police Department Detective Etheredge. Detective Etheredge advised Officer Cleland that a third confidential informant had also provided reliable information that Defendant was involved in dealing large amounts of cocaine and agreed to accompany Officer Cleland to Defendant's apartment that evening to conduct a home visit.

Parole Officer Cleland, accompanied by Albuquerque Police Officers, went to Defendant's apartment. The officers were in uniform or wearing clearly marked Parole-Probation vests when they approached Defendant's Apartment. There was a large picture window near Defendant's front door through which the officers saw Defendant and two men sitting on the livingroom floor. Officer Cleland pounded on the door and yelled "Probation parole." The officers saw one man look through the window at the officers, and turn to speak to Defendant, who is deaf. Defendant looked out the window at Parole Officer Cleland, leapt up, went into the kitchen, and then returned to the other men in the livingroom. One of the men was seen putting something into the waistband of his pants. All three men then ran to the rear of the apartment. The officers continued to pound on the door. After several minutes, Defendant returned from the back of the apartment and answered the door. When Defendant opened the door, Officer Cleland immediately seized him and conducted a pat-down search for officer safety. Officers also conducted a protective sweep of the apartment, looking for the men they knew were hiding in the back rooms. During the pat-down of Defendant, Officer felt what seemed to be, and turned out to be, crack cocaine in Defendant's front pocket. After the officers obtained a search warrant for Defendant's apartment[1] from Judge James F. Blackmer of the Second Judicial District Court, they searched the apartment.

---

[1] The warrant erroneously listed Defendant's address as 1314 Gibson Street, S.E., Apt. D. Defendant's actually lives at 1314 San Pedro, S.E., Apt. D. In this case, the officers executing the search warrant had identified the premises to be searched before seeking a warrant, and remained at the correct location while awaiting the issuance of the search warrant. Therefore, there was no reasonable probability that the wrong premise could have been mistakenly searched as a result of the error in the warrant. *See United States v. Dorrough*, 927 F.2d 498, 500 (10th Cir.1991). ("[P]ractical accuracy rather than technical precision controls the determination of whether a search warrant adequately describes the premises to be searched.")

**DISCUSSION**

A warrantless search of a probationer's residence that is supported by reasonable suspicion, and authorized by a valid condition of the probation, has been deemed reasonable by the Supreme Court. *United States v. Knights*, 534 U.S. 112 (2002).  Reasonable suspicion, a lower standard than probable cause, requires only a particularized and objective basis for suspecting criminal activity. *United States v. Trujillo*, 404 F.3d 1238, 1244 (10th Cir. 2005).  Reasonable cause is "a fair probability that contraband or evidence of a crime will be found." *Id.* (internal citations omitted). To determine whether reasonable cause exists, a court must examine the totality of the circumstances created by the quantity and reliability of the information available to law enforcement officers at the time of the search. *See United States v. Tucker*, 305 F.3d 1193, 1200 (10th Cir. 2002).

At the time of the search in question, Defendant, upon his conviction for drug trafficking in August 2005, was subject to the general terms of probation, including an agreement to submit to warrantless searches upon "reasonable cause to believe the search will produce evidence of a violation."[2]  Exhibit 1.

The Court concludes that Officer Cleland had reasonable suspicion to detain Defendant and conduct a pat search based on a totality of the circumstances.  Officer Cleland arrived at Defendant's apartment to conduct a valid probation home visit; the circumstances that arose necessitated a pat-down search and protective sweep for officer safety.  Specifically, the officers had received three tips from reliable informants that Defendant was engaged in drug dealing.  Second, Officer Cleland knew of Defendant's history of possessing, and illegally discharging, a firearm.  Finally, as the officers

---

[2] Defendant was also in the Intensive Supervision Program, which requires submission to a warrantless search "by the Intensive Supervision Officer upon request.  Exhibit.

approached the apartment, they observed highly suspicious and evasive conduct by the men in Defendant's apartment. This conduct, particularly that of Defendant who knew he was subject to probationary searches and home visits, led the officers to properly conclude there was a reasonable probability Defendant was engaging in criminal activity inside the apartment. Therefore, Officer Cleland's immediate seizure and pat-down search of Defendant was justified under the circumstances.

## CONCLUSION

The officers had reasonable suspicion to detain Defendant, conduct a pat-down search, and do a protective sweep of the Defendant's apartment. The warrant obtained after Defendant was detained provided proper authority for the subsequent search of Defendant's apartment.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress **[Doc. No. 15]** is hereby **DENIED**.

Dated this 10th day of July, 2006.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Tara Neda

Attorney for Defendant:
Roger Finzel